United States District Court
Southern District of Texas
**ENTERED**
November 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN HALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-21-1769 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

This is an insurance dispute over damage to plaintiff John Hall's residence allegedly caused by an explosion 1.8 miles away. Hall asks this court to compel an appraisal of his property under the policy. (Docket Entry No. 8). For the reasons stated below, the court denies the motion.

Hall's State Farm Lloyds homeowner's insurance policy includes an appraisal provision. That provision states, "If you and we fail to agree on the amount of loss, either [party] can demand that the amount of loss be set by appraisal." (Docket Entry No. 11-1, at 19). The policy includes conditions to invoking an appraisal. Two are relevant here.

The first condition states that "[a]t least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed." (*Id.*, at 3). The second condition states that "[a] party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss." (*Id.*, at 4).

When State Farm received Hall's "claim for dwelling damage benefits," it informed Hall that "[i]n order for [it] to consider [his] claim for benefits," it would need "copies of all bills and

receipts associated with any element or part of [his] claim," and that Hall would need to allow State Farm "to view, inspect, and analyze any property damaged as a result of this loss." (Docket Entry No. 11-3). On October 21, 2020, State Farm informed Hall that it would retain an engineering firm to inspect the property and provide an opinion about the cause of damages to Hall's property. (Docket Entries No. 11-2, at 2; No. 11-4, at 1–2). The parties scheduled the inspection for January 11, 2021. The inspection did not take place on that date because "among other things, [Hall's attorney] would not provide the engineering firm information regarding pre-screening COVID questions." (Docket Entry No. 11-2, at 3).

Before filing this lawsuit in April 2021, on January 13, 2021, Hall invoked the policy's appraisal clause in a letter his attorney sent to State Farm. (Docket Entries No. 12; 12-1). The letter stated that Hall was entitled to recover $184,376.59 for the damages to the property and $10,000 in attorneys' fees. (Docket Entry No. 12-1, at 1). The letter stated: "This estimate is substantially different from the amount of loss that you believe my client suffered. We believe that your adjuster did not perform an adequate inspection or was not adequately trained." (*Id.*). The letter did not identify any loss amount that State Farm "believed" applied.

State Farm denied Hall's appraisal request. In a January 15, 2021, letter, State Farm stated that "[u]nder the terms of the appraisal condition, neither you nor State Farm has a right to demand appraisal until there is an itemized disagreement over the amount of the loss provided at least 10 days prior to any demand. Without such evidence of disagreement, the outlined condition for invocation of appraisal has not been met." (Docket Entry No. 12-2, at 6). The letter continued: "In addition, the Conditions of the [P]olicy have not been met as you have not exhibited the damaged property for inspection, in this case by a qualified expert[.] Following our inspection, if an agreement cannot be reached, you may reassert your demand for appraisal in

2

writing but not sooner than 10 days after the date State Farm receives the itemized documentation of a disagreement." (*Id.*).

Hall asserts that he invoked the appraisal clause on January 13, 2021, before filing this lawsuit, but that State Farm "declined to participate in appraisal and further claimed [that he] had '…no right to invoke appraisal…'" (Docket Entry No. 12, at 2).  Hall mischaracterizes State Farm's response.  State Farm responded to the appraisal request that neither it nor Hall could demand appraisal until there was an itemized disagreement over the loss amount.  Hall had not provided State Farm with that itemized disagreement.  Nor could he, because when he requested an appraisal, Hall "ha[d] not exhibited the damaged property for inspection." (Docket Entry No. 12-2, at 6).

Instead of following State Farm's instructions in its January 15, 2021, response letter—to reassert his demand for appraisal following State Farm's inspection of the property and ten days after submitting an itemized documentation of disagreement—Hall filed this lawsuit in state court on April 9, 2021.  (Docket Entry No. 12, at 2).  State Farm timely removed to federal court.  (*Id.*; Docket Entry No. 1).  The inspection eventually took place on February 10, 2021, almost one month after Hall initially requested, and was denied, an appraisal.  (Docket Entry No. 11-2, at 3).

On May 6, 2021, Hall again invoked appraisal.  (Docket Entry No. 11-8).  He did so using substantially the same letter that he had used in his January 13, 2021, request.  (*Compare* Docket Entry No. 12-1, *with* Docket Entry No. 11-8).  State Farm again denied his request, this time because Hall had filed this lawsuit against State Farm before requesting appraisal.  (*See* Docket Entry No. 11-10, at 3 ("On May 6, 2021, State Farm received paperwork for the litigation

filed and will be providing a response. Accordingly, State Farm objects to your May 6, 2021, request for appraisal at this time.")).

Hall now asks this court to compel an appraisal and abatement on his property. The record is clear that to get an appraisal, Hall had to: 1) allow State Farm to inspect his property (which it did on February 10, 2021); 2) submit an itemized documentation of disagreement to State Farm; and 3) wait ten days after State Farm received the itemized documentation before requesting an appraisal. State Farm informed Hall of these conditions in both its policy and its January 15, 2021, letter denying Hall's initial request for an appraisal.[1] Instead, Hall filed suit and then asked this court to compel appraisal. The policy is clear, however, that "[a] party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss." (Docket Entry No. 11-1, at 4). Hall waived his right to appraisal under the policy terms.

Setting aside Hall's failure to comply with the conditions for invoking appraisal, it is unclear why it is relevant here. An appraisal generally determines the value of covered losses. State Farm and Hall dispute causation and coverage, not the valuation of covered losses. State Farm's investigation revealed "no evidence of damage from the explosion." (*See* Docket Entry No. 11-5). State Farm informed Hall that:

> [o]ur investigation revealed the residence was not damaged by the explosion. Accordingly, the policy provisions and exclusion(s) cited above apply and coverage cannot be extended for this loss. As such, we will not be issuing payment for the damages falling within these exclusions. Before reaching this decision, we conducted a thorough investigation and considered all information which you provided to us.

---

[1] State Farm attached Hall's insurance policy to its response brief. (*See* Docket Entry No. 11-1). Hall did not challenge the accuracy or completeness of the policy as attached by State Farm and did not dispute that the policy's terms governed his appraisal request. (*See* Docket Entry No. 12).

(Docket Entry No. 11-6, at 5).

The parties dispute whether the nearby explosion caused any covered damage to Hall's property. "The purpose of an appraisal provision is not to determine the cause of the loss." *Jassby v. Scottsdale Ins. Co.*, No. 1:13-cv-336, 2014 WL 3773564, at *2 (S.D. Miss. July 30, 2014). Hall has not demonstrated that he is entitled to an appraisal under the terms of his policy, nor that an appraisal would resolve any dispute between the parties.

Hall's motion to compel appraisal and abatement is denied, Docket Entry No. 8. State Farm's motion for leave to file a surreply, Docket Entry No. 13, is denied as moot.

SIGNED on November 1, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge